UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CUPA DAGDAGAN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. 1:15-CV-03216-JTR<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 17. Attorney D. James Tree represents Cupa Dagdagan (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for Disability Insurance Benefits on June 27, 2012, alleging disability since August 23, 1997, due to multiple sclerosis, high blood pressure, and diabetes. Tr. 164-170, 191, 195. The application was denied initially and upon reconsideration. Tr. 96-98, 100-101. Administrative Law Judge (ALJ) Stephanie Martz held a hearing on April 17, 2014 and heard testimony from

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

Plaintiff, vocational expert Trevor Duncan, and medical expert William Nelp, M.D. Tr. 32-81. The ALJ issued an unfavorable decision on June 26, 2014. Tr. 18-27. The Appeals Council denied review on October 26, 2015. Tr. 1-6. The ALJ's June 26, 2014 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on December 28, 2015. ECF No. 1, 8.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 40 years old on the alleged date of onset. Tr. 164. Plaintiff completed four or more years of college by 1985. Tr. 196. Prior to her alleged date of onset, Plaintiff had worked for the United States Postal Service for eighteen years. Tr. 50. Plaintiff reported that job ended because she had multiple sclerosis and could no longer drive due to her symptoms. *Id*. Plaintiff testified that in 1998 she worked at a tax preparer's office answering the phone part-time for two and a half months. Tr. 49-51. She stated she quit the tax preparer's office job because she believed she was not able to perform the complex tax preparation job duties expected for the position. Tr. 51-52.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put

another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 26, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the relevant time period from August 23, 1997, the alleged date of onset, through March 31, 2003, Plaintiff's date last insured. Tr. 20. At step two, the ALJ determined Plaintiff had the severe impairment of multiple sclerosis. Tr. 20. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22.

At step four, the ALJ assessed Plaintiff's residual functional capacity (RFC) during the relevant time period and determined she could have performed a range of light exertion level work with the following limitations: she had an unlimited ability to push and pull within these exertional limitations; she could occasionally climb ramps and stairs; she could never climb ladders, ropes, or scaffolds; she could occasionally balance, stoop, kneel, crouch, or crawl; and she should avoid concentrated exposure to vibration, hazards, and extreme heat. Tr. 22. The ALJ identified Plaintiff's past relevant work as a mail carrier, childcare attendant, and a receptionist and concluded Plaintiff was not able to perform any of her past relevant work. Tr. 25.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of assembler, bench assembler, and final inspector. Tr. 26. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time during the relevant time period defined as August 23, 1997, the alleged onset date, through March 31, 2003, the date last insured. Tr. 26.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal

standards.  Plaintiff contends the ALJ erred by (1) failing to find Plaintiff's anxiety severe at step two; (2) failing to properly consider Plaintiff's testimony about the severity of her symptoms; and (3) failing to properly weigh the medical opinions.

## DISCUSSION

**A.    Step Two**

Plaintiff challenges the ALJ's step two determination in this case, arguing her anxiety should have been considered a severe impairment.  ECF No. 16 at 5-8.

Step-two of the sequential evaluation process requires the ALJ to determine whether or not the claimant "has a medically severe impairment or combination of impairments."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted).  "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'"  *Id.* at 1290.  The step-two analysis is "a *de minimis* screening device to dispose of groundless claims."  *Smolen*, 80 F.3d at 1290.  In her step two determination, the ALJ found that Plaintiff's anxiety was not a severe impairment.  Tr. 21.

The evidence shows that in August and September of 2002, Plaintiff was hospitalized with chest pain.  Tr. 237, 245.  A Sestamibi test was negative for ischemia.  *Id*.  Her cardiac enzymes were negative and there was no evidence of arrhythmia.  Tr. 240.  Plaintiff argues this evidence supports a finding that Plaintiff's anxiety was manifest through her chest pain symptoms.  ECF No. 16 at 6.

When Plaintiff started treatment with James Lindstrom, M.D., she was already taking Lorazepam.  Tr. 244.  On September 23, 2002, and October 11, 2002, Plaintiff requested refills for the Lorazepam, which was prescribed every four hours as needed.  Tr. 235.  By November 11, 2002, she had to call in for another refill of Lorazepam.  *Id*.  On December 3, 2002, Dr. Lindstrom stated Plaintiff continued to complain of chest pain.  Tr. 232.  He discussed with Plaintiff

the possibilities of antidepressants and prescribed Fluoxetine. *Id*. In January of 2003, Plaintiff was again given a prescription of Lorazepam. Tr. 231. On March 31, 2003, Dr. Lindstrom stated that Plaintiff's "primary question today was why she keeps having these spells that feel like her heart is racing and there is a clutching in her chest or whatever." Tr. 230. He prescribed her Ativan and stated, "I had a long discussion with her about anxiety, depression, and personal and spiritual growth, etc. She is a creative person as expected and she does have outlets for her creativity and she has friends that she shares with." *Id*.

As addressed below, the Court is remanding this case for additional proceedings due to the ALJ's flawed credibility determination. *See infra*. The Court additionally finds a new step two determination is necessary in this case. Prior to the ALJ addressing Plaintiff's impairments at step two, the ALJ shall develop the record as to Plaintiff's impairments. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (finding the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered). The ALJ shall request Plaintiff's records for the relevant time period from the United States Office of Personnel Management, the Corvallis emergency room, *see* Tr. 245, the Providence Medical Center, *see* Tr. 240, 245, the Yakima Heart Center, *see* Tr. 244, and Dr. Gilmore at Group Health, *see* Tr. 222. The ALJ shall further request Plaintiff's pharmacy records from the relevant time period to assess the frequency at which Plaintiff refilled her anxiety medication and, if necessary, solicit testimony from Plaintiff addressing what symptoms triggered a need for the anxiety medication. The forgoing additional evidence, if available, will provide insight into the severity and frequency of Plaintiff's symptoms during the relevant time period.

**B.     Credibility**

Plaintiff contests the ALJ's adverse credibility determination in this case. ECF No. 16 at 8-14.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

Plaintiff argues that the ALJ's assessment of Plaintiff's overall credibility was erroneous under S.S.R. 16-3p and violates regulatory authority. ECF No. 16 at 9. Defendant responds by asserting that S.S.R. 16-3p took affect after the ALJ's decision and should not be applied retroactively. ECF No. 17 at 17-18. However, Plaintiff does not argue for the retroactivity of S.S.R. 16-3p; instead, she argues that the ALJ violated regulatory authority that was in effect at the time of the ALJ's decision by making a determination regarding Plaintiff's overall character for truthfulness and the adoption of S.S.R. 16-3p is the agency's acknowledgement that ALJs were violating regulatory authority in prior decisions, such as the one currently at issue. *See* ECF No. 16 at 9.

On March 16, 2016, S.S.R. 16-3p "Evaluation of Symptoms in Disability Claims" became effective, eliminating the term "credibility" from the Social Security Administration's policy, and clarifying "adjudicators will not assess an individual's overall character or truthfulness." Instead, the "adjudicators will focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities." *Id*. The Commissioner noted that ALJs had been following previous

///

sub-regulatory policy (established policy that guides ALJ's in the performance of their duties) that had contained the term "credibility":

> We are rescinding SSR 96-7p: Policy Interpretation Ruling Titles II and XVI Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements and replacing it with this Ruling. We solicited a study and recommendations from the Administrative Conference of the United States (ACUS) on the topic of symptom evaluation. Based on ACUS's recommendations and our adjudicative experience, we are eliminating the use of the term "credibility" from our sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character. Instead, we will more closely follow our regulatory language regarding symptom evaluation.

S.S.R. 16-3p.

First, Social Security Rulings issued by the Commissioner do not have the force of law, however reviewing courts will give them some deference because they represent the Commissioner's interpretation of agency regulations. *See* 20 C.F.R. § 402.35(b)(1); *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001). Therefore, Plaintiff's argument that the ALJ violated S.S.R. 16-3p and, therefore, violated regulatory authority is an incomplete argument. Plaintiff fails to point to a single regulation that the ALJ violated.

Second, S.S.R. 16-3p does not state that S.S.R. 96-7p and the use of the term "credibility" per se violated regulatory authority. Instead, the purpose of the ruling was to "clarify that subjective symptom evaluation [was] not an examination of an individual's character," and instead is an evaluation of the intensity and persistence of reported symptoms to determine how those symptoms limit a claimant's ability to perform work-related activities. S.S.R. 16-3p.

Here, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 8

reasons explained in this decision." Tr. 23. The ALJ did not make a determination as to Plaintiff's individual character. The ALJ reasoned that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were less than fully credible because (1) Plaintiff's symptom statements were not supported by objective evidence, (2) Plaintiff's symptom statements were inconsistent with Plaintiff's activities of daily living, and (3) Plaintiff remained active after the relevant time period, showing improvement.

The ALJ's first reason for finding Plaintiff's symptom statements less than fully credible, that her reported symptoms were not supported by objective medical evidence, is not legally sufficient alone. Objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," however, it cannot serve as the sole ground for rejecting a claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ is accurate that there are no medical records in the file from 1997 to September 2002. Tr. 23. Additionally, the records that do appear during the relevant time period do not show Plaintiff's multiple sclerosis symptoms to the level alleged, specifically lacking evidence of four or five relapses from 1997 to 2003. Tr. 23. In fact, the records that do exist during the relevant time period speak little of Plaintiff's multiple sclerosis and focus more on her blood pressure, diabetes, and anxiety. Tr. 227-245. However, because the ALJ failed to provide any additional reasons that are legally sufficient to support her determination that Plaintiff's symptoms statements were less than fully credible, *see infra*, this reason alone is insufficient to support the adverse credibility determination.

The ALJ's second reason for finding Plaintiff's symptom statements less than fully credible, that Plaintiff's activities cast doubt on her alleged symptoms, is not legally sufficient. A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict her other testimony, or (2) "the claimant is able to spend a substantial part of [her] day engaged in pursuits

involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

The ALJ noted that Plaintiff reported being able to watch her preschool to school aged grandchildren during the relevant time period, in September 2003 Plaintiff reported being able to walk a 10 percent grade uphill, and in October 2003 Plaintiff moved to a cabin where she chopped wood for heat. Tr. 24. However, the ALJ failed to state how any of these activities contradicted her other testimony or how these activities, as Plaintiff performed them, were transferable to a work setting. *Id*. Therefore, this reason fails to meet the specific, clear and convincing standard.

The ALJ's third reason for finding Plaintiff's symptom statements less than fully credible, that Plaintiff's activities after her date last insured showed improvement, is not legally sufficient. Of the reported symptoms that the ALJ summarized and considered, all were allegedly present from 1997 to 2003. Tr. 23. Therefore, Plaintiff's work activities after her March 31, 2003 date last insured does not discount her symptom severity from 1997 to 2003. While the ALJ may be accurate, that the activities may show signs of improvement, Tr. 24, improvement several years after the alleged date of onset should be addressed by considering a closed period of disability and not a blanket rejection of symptom statements from years prior. As such, this reason fails to meet the specific, clear and convincing standard.

///

///

Considering the ALJ failed to provide legally sufficient reasons to reject Plaintiff's symptom statements, the case shall be remanded for a new determination in accord with S.S.R. 16-3p.

### C. Medical Opinions

Plaintiff challenges the weight the ALJ provided the opinions of Dr. Nelp and Dr. Lindstrom and the ALJ's lack of discussion of Dr. Sloop's opinion. ECF No. 16 at 14-18. Considering the case is being remanded and there is outstanding evidence to gather, a reweighing of these opinions will be necessary on remand.

### D. Decision of Government Agency

Plaintiff argues that the ALJ erred by failing to give weight to the opinion of the United States Office of Personnel Management's decision that Plaintiff is disabled. ECF No. 16 at 18-19. Plaintiff is accurate that 20 C.F.R. § 404.1512(b)(5) states that the ALJ is to consider the decisions of government agencies as to a claimant's disability status. However, the record is void of any decision from the Office of Personnel Management. Thus, the ALJ is instructed to request such a decision and, if available, consider it upon remand.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are

outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to gather evidence, make a new step two determination, make a new determination regarding the reliability of Plaintiff's symptom statements under S.S.R. 16-3p, weigh the medical opinions in the file, and address the disability determination of the Office of Personnel Management.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED January 30, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE